IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Edward Verhovec,            :

      Plaintiff,       :         Case No. 2:14-cv-0274

  v.                       :

City of Trotwood, et al.,              JUDGE MICHAEL H. WATSON
                            :          Magistrate Judge Kemp
      Defendants,
                            :

OPINION AND ORDER

    This matter is before the Court on a motion for intradistrict transfer of venue to the Southern District of Ohio, Western Division at Dayton filed by defendants the City of Trotwood, Michael J. Lucking, City Manager, Stephen M. McHugh, Law Director, and Amelia N. Blankenship, Assistant/Acting Law Director (collectively "defendants"). (Doc. 13). For the following reasons, defendants' motion to transfer venue to the Southern District of Ohio, Western Division at Dayton will be granted. (Doc. 13).

I.   Background

    The facts relevant to defendants' motion are undisputed. On March 21, 2014, plaintiff Edward Verhovec, a resident of Tuscarawas County, Ohio, filed a complaint in this Court against defendants, all of whom are all residents of, or have business addresses within, Montgomery County, Ohio. Consequently, defendants move this Court to exercise its discretion under 28 U.S.C. §1404(b) to transfer the case to the Western District of Ohio at Dayton. (Doc. 13).

    On September 18, 2014, Mr. Verhovec moved this Court for an extension of time to respond to defendants' motion, requesting a

due date of October 14, 2014. (Doc. 20). This Court denied Mr. Verhovec's motion without prejudice based on his failure to provide evidence of compliance with Local Civil Rule 7.3. (Doc. 21). Mr. Verhovec did not file a second motion for an extension of time, nor did he attempt to file a response to defendants' motion. Consequently, the motion to transfer venue stands before this Court as unopposed.

## II.  Discussion

28 U.S.C. §1404(b) governs intradistrict civil transfers. Under 28 U.S.C. §1404(b), "[u]pon motion ... any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from one division in which pending to any other division in the same district." Such transfers are "subject to the same analysis as under §1404(a) but apparently judged by a less rigorous standard." <u>Hanning v. New England Mut. Life Ins. Co.</u>, 710 F. Supp. 213, 215 (S.D. Ohio 1989).

28 U.S.C. §1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all the parties have consented." The party seeking transfer under §1404(a) bears the burden of showing that the relevant factors weigh "strongly in favor of" transfer. <u>Boyajyan v. Columbus Fin. Grp., Inc.</u>, 2007 WL 4410242, at *1 (S.D. Ohio Dec. 13, 2007), quoting <u>Centerville ALS v. Balanced Care Corp.</u>, 197 F. Supp.2d 1039, 1049 (S.D. Ohio 2002). The factors which a district court may consider in deciding a §1404(a) motion are well-summarized as follows:

> In ruling on §1404(a) motions, courts have not limited their consideration to the three enumerated factors in

2

> §1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." 15 WRIGHT, MILLER AND COOPER [FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS, (2d Ed. 1986)], §3847. While there is no definitive formula or list of the factors to consider, ... courts have considered many variants of the private and public interests protected by the language of §1404(a).
>
> The private interests have included: plaintiff's forum preference as manifested in the original choice, ... the defendant's preference,...; whether the claim arose elsewhere, ...; the convenience of the parties as indicated by their relative physical and financial condition, ...; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, ...; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum),...
>
> The public interests have included: the enforceability of the judgment, ...; practical considerations that could make the trial easy, expeditious, or inexpensive, ...; the relative administrative difficulty in the two fora resulting from court congestion, ...; the local interest in deciding local controversies at home, ...; the public policies of the fora,...; and the familiarity of the trial judge with the applicable state law in diversity cases ....

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)(internal citations omitted); see also Slate Rock Const. Co. Ltd. v. Admiral Ins. Co., 2011 WL 3841691, *6 (S.D. Ohio Aug. 30, 2011). "A district court deciding a §1404(a) motion 'has broad discretion to grant or deny' the requested transfer." Tech-Sonic, Inc. v. Sonics & Materials, Inc., 2012 WL 4343103, at *2 (S.D.

Ohio Sept. 21, 2012), quoting Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994).

This Court's local rules require that "[a]n action against a defendant or defendants resident in this district shall be filed at the location of court which embraces a county in which at least one defendant resides." S.D. Ohio R. 82.1(c). See also Svete v. Wunderlich, 2009 WL 3028995, at *6 (S.D. Ohio Sept. 16, 2009)(granting intradistrict transfer motion pursuant to S.D. Civ. R. 82.1(c)). The Western Division at Dayton serves Montgomery County. See S.D. Civ. R. 82.1(b). Defendants City of Trotwood, Michael Lucking, and Stephen McHugh reside in Montgomery County, Ohio. See Compl., ¶¶ 4,5,7; see also Doc. 13 at 1. Amelia Blankenship, although served in Warren County, was sued in her official capacity as "Assistant/Acting Law Director" for the City of Trotwood. See Compl., ¶ 9. When a public official "is a party to an action in [her] official capacity, [s]he resides in the judicial district where [s]he maintains his official residence, that is, where [s]he performs [her] official duties." O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972). Because Ms. Blankenship performs her official duties as "Assistant/Acting Law Director" in Trotwood, located within Montgomery County, Ohio, she likewise "resides" in Montgomery County, Ohio for purposes of the present lawsuit. Consequently, all defendants "reside" in Montgomery County, Ohio.

Because all defendants are residents of Montgomery County and no defendant is a resident of a county served by the Eastern Division, this Court concludes that this action is properly venued in the Western Division of this Court at Dayton. Therefore, defendants' motion for intradistrict transfer of venue to the Western Division at Dayton is granted. (Doc. 13). This

4

case shall be transferred to the Western Division at Dayton upon the expiration of the 14-day period for filing motions to reconsider, if none are filed, or upon affirmance of the order by the District Judge, should that occur.

### MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A); Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P Kemp
United States Magistrate Judge