# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EDWARD VERHOVEC,

|                | | |
|---|---|---|
| Plaintiff, | : | Case No. 3:14-cv-363 |
| | | |
| | | District Judge Walter Herbert Rice |
| - vs - | | Magistrate Judge Michael R. Merz |

CITY OF TROTWOOD, OHIO, et al.,

|  |  |
|---|---|
| Defendants. | : |

---

# REPORT AND RECOMMENDATIONS ON DEFENDANTS' MOTION
# FOR JUDGMENT ON THE PLEADINGS

---

This case is before the Court on Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) by Defendants the City of Trotwood, Ohio, City Manager Michael Lucking, Law Director Stephen M. McHugh, and Assistant/Acting Law Director Amelia N. Blankenship (Doc. No. 48). The Motion was filed and served on February 9, 2015, which made Plaintiff's response due under S. D. Ohio Civ. R. 7.2 on March 5, 2015. Third-Party Defendant William Walker, without entering an appearance on behalf of Plaintiff, filed both a Memorandum in Opposition and a Motion for Stay on Plaintiff's behalf (Doc. Nos. 56 and 57). The Magistrate Judge struck the Memorandum in Opposition because it was filed without any authorization by Plaintiff or ratification after filing and Plaintiff never opposed the Motion to Strike.

1

However, on March 26, 2015, the Magistrate Judge ordered Plaintiff to notify the Court whether Attorney Cushion would continue to represent Plaintiff, whether another attorney would substitute, or whether Verhovec would proceed *pro se* (Decision and Order, Doc. No. 66). Verhovec did not respond directly to that order, but filed *pro se* Objections to the Magistrate Judge's Second Supplemental Opinion of Motion for Prejudgment Possession (Doc. No. 68). However, Plaintiff has still not filed any opposition to the Motion for Judgment on the Pleadings.

**Plaintiff's Complaint**

Plaintiff Verhovec brought this action under 42 U.S.C. § 1983 to complain that Defendants had conspired to deprive him of meaningful access to the Ohio courts and to retaliate against him for exercising his First Amendment rights (Complaint, Doc. No. 1, caption and ¶ 16, PageID 1 & 4).[1] Defendants Lucking, McHugh, and Blankenship are sued in both their official and individual capacities. *Id.* at PageID 3, ¶¶ 5, 7, 9.) The City of Trotwood is asserted to be liable because Verhovec avers that Lucking and McHugh are final policy-making officials of the City and to have committed the acts harming Verhovec pursuant to a policy they adopted. *Id.* at PageID 4, ¶¶ 13, 14.

The Complaint alleges that on June 15, 2011, Verhovec made a public records request of the City of Trotwood through Lucking by way of a letter, a copy of which is attached to the

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)" The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.

Complaint as Exhibit A (PageID 15).  The request was pursuant to the Ohio Public Records law, Ohio Revised Code § 149.43 and sought records "pertaining to the City's traffic photo-enforcement program." *Id.*  at PageID 5, ¶ 19.  Unsatisfied with the City's response, Verhovec two weeks later on June 29, 2011, filed an action in the Montgomery County Common Pleas Court combining a mandamus claim under Ohio Revised Code § 149.43(C)(1) and a "statutory forfeiture action for the unlawful disposal of public records" under Ohio Revised Code § 149.351. *Id.*  at PageID 5 ¶ 22, and attached Exhibit E, PageID 31-36 (the "Public Records Action").  The initial document contains the purported signature of Third-Party Defendant Walker which has apparently been struck through by Verhovec who then signed the verified complaint *pro se. Id.*  at PageID 36.

In response to the Public Records Action complaint, on July 26, 2011, Trotwood and Lucking filed an Answer and Counterclaim, a copy of which is attached to the Complaint as Exhibit F (PageID 40-49).  Verhovec reads the Counterclaim as pleading claims against him for vexatious conduct under Ohio Revised Code § 2323.52(A), frivolous conduct under Ohio Revised Code § 2323.51, and was a pretext to create liability under Ohio Revised Code § 149.351 (Complaint, Doc. No. 1, PageID 6, ¶¶ 24-27).  A First Amended Counterclaim was filed in the Public Records Action on June 3, 2013. *Id.*  at ¶¶ 34-35.

Verhovec's First Claim for Relief asserts:

> In retribution for VERHOVEC's petition for judicial relief, Defendants infringed upon VERHOVEC's fundamental free speech rights by filing a counterclaim against VERHOVEC that was unsupported by fact or law and which attempted to apply a statute in ex post facto fashion against VERHOVEC.

*Id.*  at PageID 8, ¶ 42.  The method by which the original Counterclaim is said to have harmed Verhovec is that Defendants kept it pending for 679 days until the First Amended Counterclaim

was filed, thereby making the Public Records Action more expensive. *Id.* at PageID 8-9, ¶ 44-45. These actions by Defendants are alleged to have violated Verhovec's rights to free speech, petition, and access. *Id.* at PageID 9-10, ¶ 50.

Verhovec's Second Claim for Relief asserts claims of spoliation of evidence and witness intimidation, the evidence for which is a conversation among Defendants McHugh and Blankenship and "unknown employees, representatives, and/or agents" of the City during a March 23, 2012, meeting of those persons in a conference room at the Montgomery County Common Pleas Court during a conference set by the Common Pleas Magistrate presiding over the Public Records Action, David Fuchsman (Complaint, Doc. No. 1, , PageID 10, ¶¶ 52-54).

Plaintiff avers:

> VERHOVEC learned of Defendants MCHUGH, BLANKENSHIP and the UNKNOWN EMPLOYEES, REPRRESENTATIVES AND/OR AGENTS of the City acts of spoliation and intimidation when he reviewed a recording of the oral argument conference after VERHOVEC'S state cause of action was dismissed

> VERHOVEC could have resisted a dismissal of his state cause of action if he had known of the spoliation and intimidation by Defendants MCHUGH, BLANKENSHIP and the UNKNOWN EMPLOYEES, REPRRESENTATIVES AND/OR AGENTS of the City.

*Id.* at PageID 10-11, ¶¶ 55-56.

Verhovec's Third Claim for Relief is captioned "Conspiracy" but contains no conspiracy allegations. Verhovec seeks $2 million in compensatory damages, $7 million in punitive damages, and attorney fees which "to date" were alleged to amount to $200,000. *Id.* at PageID 12-13.

4

**Defendants' Motion:  First Claim for Relief**

### Statute of Limitations

Defendants first seek judgment on the basis that the First Claim for Relief is barred by the statute of limitations (Motion, Doc. No. 48, PageID 351-52).

In all constitutional tort actions, the court borrows the statute of limitations for personal torts from the State where the claim arose. *Hardin v. Straub,* 490 U.S. 536 (1989).  The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years.  Ohio Revised Code § 2305.10.  *Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008); *Banks v. City of Whitehall*, 344 F.3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*). In Ohio, the statute of limitations for a § 1983 claim is two years and runs from "when the plaintiff knows or has reason to know of the injury which is the basis" of the claim. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

Verhovec knew or had reason to know of the filing of the original Counterclaim in the Public Record Action shortly after it was filed on July 26, 2011, because it was mailed to him on that date (see Certificate of Service, PageID 49).  This action was not filed until March 21, 2014 (Doc. No. 1).  Therefore the First Claim for Relief should be dismissed with prejudice as barred by the statute of limitations.

**Res Judicata**

Defendants also seek dismissal of the First Claim for Relief on the basis of *res judicata,* asserting that the claim could have been raised in the Public Records Action but was not and is therefore barred by the final judgment in that action (Motion, Doc. No. 48, PageID 352-57).

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738; *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County Bd. Of Comm'rs,* 519 F.3d 285 (6th Cir. 2008), *citing Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3rd Cir. 1989).

Under Ohio law:

> A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Grava v. Parkman Twp*., 73 Ohio St. 3d 379 (1995), syllabus. (Paragraph two of the syllabus of *Norwood v. MacDonald,* 142 Ohio St. 299 (1943), overruled; paragraph two of the syllabus of *Whitehead v. Gen. Tel. Co*., 20 Ohio St. 2d 108 (1969), overruled to the extent inconsistent herewith; paragraph one of the syllabus of *Norwood, supra*, and paragraph one of the syllabus of

*Whitehead, supra,* modified; 1 Restatement of the Law 2d, Judgments (1982), §§ 24-25, approved and adopted.)

This Court has recognized that the relevant Ohio claim preclusion doctrine is set forth in *Grava v. Parkman, supra*:

> In Ohio, a party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ater v. Follrod,* 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002)(Holschuh, J.), *quoting In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999)(construing Ohio law).

The Ohio courts have concurrent jurisdiction with the federal courts over claims arising under 42 U.S.C. § 1983. *Howlett v. Rose*, 496 U.S. 356 (1990). Therefore, as Defendants argue, Verhovec could have amended his complaint in the Public Record Action to assert his First Claim for Relief. Because he did not and that case has been dismissed with prejudice, his First Claim for Relief here should be dismissed with prejudice as barred by *res judicata*.

**Release**

Defendants' note that the Public Records Action was terminated with, *inter alia*, a Mutual Release of all claims made in that case (Doc. No. 12, PageID 148-55). To the extent the First Claim for Relief attempts to resurrect any claim for damages arising from any asserted failure of Defendants to produce public records, the First Claim for Relief is barred by the Mutual Release.

**Defendants' Motion:  Second Claim for Relief**

Verhovec asserts that during the Trotwood Caucus portion of the conference with Magistrate Fuchsman, Defendants, along with the attorney representing them in the Public Records Action, "spoliated" evidence and intimidated a witness.

Defendants read the Complaint as purporting to state a claim for spoliation under Ohio law (Motion, Doc. No. 48, PageID 357-58).  If that were the case, Defendants would be entitled to dismissal of the spoliation portion of the Second Claim for Relief on the basis they set forth in their Motion.

The Court, however, disagrees with this reading of the Complaint.  It does not purport to state any Ohio claim for relief, but recites that it arises under 42 U.S.C. § 1983 and § 1988 (Complaint, Doc. No. 1, PageID 4, ¶16).  The prior paragraph recites only federal question or federal civil rights bases for subject matter jurisdiction. *Id.*  at ¶ 15, citing 42 [sic] U.S.C. § 1343 and 42 [sic] U.S.C. § 1331.  The apparently intended citations are to 28 U.S.C. § 1331, the general federal question statute, and 28 U.S.C. § 1343, the grant of jurisdiction for civil rights matters.

42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a

8

> declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

As the Complaint indicates, Verhovec's sole evidence of the asserted spoliation is what was said among the Trotwood parties during their private caucus in the hearing with Magistrate Fuchsman. In a separate decision, the Magistrate Judge has concluded, after *in camera* review, that the conversation in question is protected by attorney-client privilege and does not come within the crime-fraud exception to the privilege:

> Having carefully reviewed the attorney conversation in the context of the Mandamus Case and the conference being conducted, the Court is not persuaded the crime-fraud exception applies. The discussion is about defending the Mandamus Case and what the likely next steps will be, given that Magistrate Fuchsman turned the conference in the direction of a negotiated settlement rather than the pending summary judgment motion. Counsel are discussing how appropriately to deal with Redflex, a vendor under

9

contract, who was not a party to the Mandamus Case but whose addition to the case had been discussed by Magistrate Fuchsman. They were concerned about the content and interpretation of the Redflex contract and what discovery from Redflex might reveal.

There is no suggestion in the conversation of any intended crime or fraud. Negotiation with a vendor about its contract is not "witness intimidation." Vigorous defense of a public records mandamus action is not a conspiracy to deny the mandamus relator "a meaningful day in court." Respondents had already filed a summary judgment motion intended to deny Verhovec a trial by asserting he had no right to a trial. Whether or not Respondents were entitled to summary judgment, filing a summary judgment motion and discussing its defense are not crimes or frauds.

(Decision and Order, Doc. No. 66, PageID 510-11.)

In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded material allegations of the complaint as true.  *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir.  2007); *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991), *citing Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51 (1941).  The Court must then decide whether the moving party is entitled to judgment as a matter of law.  *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993).  This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case."  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us,* 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson*

10

*County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss

under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint.  *Riverview*

*Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

      The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the

Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc .*, 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678; *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009); *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead).

13

Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ... Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

In this case, Verhovec's claims of spoliation and witness intimidation are implausible because his sole evidence for the claims is the conversation among counsel in the Trotwood caucus and that conversation does not constitute spoliation, report past spoliation, or plan future spoliation, not does it report past or plan future witness intimidation.[2]

Moreover, the Complaint does not plead a claim for relief under 42 U.S.C. § 1983.  As noted above, a plaintiff claiming under that statute allege a deprivation of a constitutional right. At most, Verhovec pleads that Defendants destroyed evidence in a civil case which were also records he was entitled to inspect under the Ohio Public Records Act.  This Court is not aware of any case authority holding that a person has a constitutional right to discovery in a civil case or a constitutional right to production of records under the Ohio Public Records Act.  The same reasoning applies to the alleged witness intimidation.  The Complaint does not state a claim for relief under 42 U.S.C. § 1983.

Aside from the failure to Verhovec to plead a constitutional violation under § 1983, his Second Claim for Relief is also barred by *res judicata* under the analysis given above regarding the First Claim for Relief.

---

[2] The actual content of the conversation is omitted so as to protect the attorney-client privilege.  The Magistrate Judge has had the audio recording transcribed by a court reporter and filed under seal so that it is available to the District Judge if there are objections to this Report (Doc. No. 73).

**Defendants' Motion:  Third Claim for Relief**

While Verhovec labels his "Third Claim for Relief" as "Conspiracy," he nowhere pleads a conspiracy in the Complaint.  The standard governing a § 1983 conspiracy claim is:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556 (6th Cir. 2011), *quoting Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)(*quoting Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Hooks, quoting Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *accord Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). That pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

**Conclusion**

Based on this analysis, it is respectfully recommended that the Defendants' Motion for Judgment on the Pleadings be GRANTED.  Given the analysis on the issues discussed and

Verhovec's failure to respond, it is not necessary for the Court to reach the additional issues of immunity.


April 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).