# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EDWARD VERHOVEC,

          Plaintiff,   :   Case No. 3:14-cv-363

                              District Judge Walter Herbert Rice
- vs -                            Magistrate Judge Michael R. Merz

CITY OF TROTWOOD, OHIO, et al.,

          Defendants.   :

## THIRD SUPPLEMENTAL OPINION ON MOTION FOR PREJUDGMENT POSSESSION

This case is before the Magistrate Judge on District Judge Rice's Recommittal Order (Doc. No. 71) requiring further analysis of the attorney-client privilege issues in this case in light of Objections by Plaintiff and Third-Party Defendant Walker to the Magistrate Judge's Decision and Order on Motions for Stay and Second Supplemental Opinion on Motion for Prejudgment Possession (the "Decision and Order," Doc. No. 66).

Having reviewed the Decision and Order in light of the Objections[1], the Magistrate Judge remains persuaded of the attorney-client privilege analysis in the Decision and Order. Several additional comments may, however, be useful to the District Judge.

---

[1] Although Plaintiff Verhovec and Third-Party Defendant Walker both filed Objections (Doc. Nos. 68 & 69), only one substantive set of Objections is before the Court because Verhovec adopted Walker's Objections "for the sake of judicial economy." (Doc. No. 68, PageID 515.)

1

The standard of review on nondispositive matters is clearly erroneous as to factual findings or contrary to law as to legal conclusions. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), *citing United States v. Raddatz*, 447 U.S. 667, 673 (1980).  "Review under Rule 72(a) provides 'considerable deference to the determinations of magistrate judges.' 7 Moore's Federal Practice ¶ 72.03 [7.-3]. A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th  Cir.1985); *Shivers v. Grubbs*, 747 F.Supp. 434 (S.D.Ohio 1990)."  *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio, 1995)(Holschuh, J.)

Having conducted the *in camera* review of the conversation at issue[2], the Magistrate Judge found as a matter of fact that the conversation did not constitute planning or carrying out a crime or fraud:

> The discussion [footnote omitted] is about defending the Mandamus Case and what the likely next steps will be, given that Magistrate Fuchsman turned the conference in the direction of a negotiated settlement rather than the pending summary judgment motion. Counsel are discussing how appropriately to deal with Redflex, a vendor under contract, who was not a party to the Mandamus Case but whose addition to the case had been discussed by Magistrate Fuchsman.  They were concerned about the content and interpretation of the Redflex contract and what discovery from Redflex might reveal.  There is no suggestion in the conversation of any intended crime or fraud.

(Decision and Order, Doc. No. 66, PageID 510.)

In light of the Objections, the Magistrate Judge has caused the discussion to be transcribed by a registered professional court reporter and filed under seal (Doc. No. 73).  Thus

---

[2] This is the Trotwood Caucus discussion among attorneys Kevin Lantz, Steven McHugh, and Amerlia Blankenship in the conference room of Magistrate David Fuchsman on march 23, 2012.

2

the District Judge can readily review this seven-page transcript and determine whether the Magistrate Judge's finding of the import of the words spoken is clearly erroneous. There would seem to be no dispute among the parties that the interpretation of spoken words is properly classified as a finding of fact. However, to be explicit, there is no credibility determination here: the speakers are not testifying nor was their demeanor observed. Upon review of the certified transcript, the District Court will find that the words purportedly quoted by Mr. Walker do not accurately reflect the words spoken.

The Decision and Order also includes legal conclusions and the application of law to facts as found. These two aspects of the Order are to be reviewed *de novo* by the District Court. *Curtis, supra; Raddatz, supra.*

For the underlying law on the crime-fraud exception to protection for attorney-client communications, the Decision and Order relies on the same law now cited[3] by Walker, *In Re Antitrust Grand Jury*, 805 F.2d 155 (6th Cir. 1986). The same case holds the burden of proving the crime-fraud exception is on the party seeking to defeat the privilege. *Id.* at 162.

Walker argues further "[t]he Sixth Circuit uses a *prima facie* standard to establish the crime-fraud exception . . ." (Doc. No. 69, PageID 523, citing *In Re Antitrust Grand Jury* at 164 and 166). However, the prima facie standard in that case relates to prima facie proof that a crime was committed. Only upon receipt of that proof can a district court pierce the attorney-client privilege. But Walker and Verhovec have offered no proof at all, much less prima facie proof of the sort required by the Sixth Circuit, that the client, the City of Trotwood, committed any crime or fraud. Walker and Verhovec rely entirely on the content of the privileged communication,

---

[3] As the Decision and Order notes, Walker relied entirely on Ohio case law in initially arguing the crime-fraud exception, but federal common law provides the privilege rule in a federal question case (Doc. No. 66, PageID 509-10, citing *Reed v. Baxter,* 134 F.3d 351, 355 (6th Cir. 1998); *Reg'l Airport Auth. v. LPG, LLC,* 460 F.3d 697 (6th Cir. 2006)).

which they surreptitiously recorded, for proof.  That is not the sort of prima facie proof of crime or fraud *In re Antitrust Grand Jury* requires.  Walker and Verhovec have already breached the attorney-client privilege and seek this Court's post hoc blessing of their conduct.

It is therefore respectfully recommended that the District Court overrule the Objections and hold that the Trotwood Caucus conversation remains protected by attorney-client privilege.

April 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
