**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

EDWARD VERHOVEC,

|                | Plaintiff,  | : | Case No. 3:14-cv-363 |

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

- vs -

CITY OF TROTWOOD, OHIO, et al.,

|                | Defendants. | : |

---

**DECISION AND ORDER**

---

This case came on for status conference by telephone at 2:30 p.m. on Thursday, June 18,

2015. Julius Carter participated on behalf of Plaintiff, Dawn Frick participated on behalf of

Defendants, and William Walker participated *pro se* .

To accommodate Mr. Carter's pre-schedule court appearances in the Vandalia Municipal

Court and the Montgomery County Domestic Relations Court on June 23, 2015, the oral

argument is rescheduled to 1:30 p.m. on that day in Courtroom No. 4, 200 West Second Street,

Dayton, Ohio 45402. This slight continuance resolves Plaintiff's Amended Motion to Continue

the Evidentiary Hearing (Doc. No. 95).

Mr. Walker explained the intended scope of his examination of his listed witnesses

(Messrs. McHugh and Lantz; Ms. Blankenship) was the context and content of the conversation

among them in Magistrate David Fuchsman's conference room that is in issue in this case. The

Court finds testimony from these witnesses about the context of the discussion is unnecessary as

1

the Court has listened to the whole recording of the meeting with Magistrate Fuchsman which was provided to the Court.  Respecting the content of that conversation, the Magistrate Judge has already determined that was a privileged attorney-client communication and that the crime-fraud exception does not apply.  The Magistrate Judge will not permit Mr. Walker or Mr. Carter on behalf of Plaintiff to hear that recording or read the transcript unless and until District Judge Rice overrules the Magistrate Judge's privilege rulings.  Thus the only purpose which could properly be served by having these witnesses testify live can be served in another way which does not undermine those rulings.  The Court will furnish Ms. Frick as trial attorney for Defendants with a copy of the transcript prepared by the court reporter (Doc. No. 73).  Ms. Frick will then show that transcript to Steven McHugh, Kevin Lantz, and Amelia Blankenship.  Each of them will prepare an affidavit advising the Court whether the transcript conforms to their recollection of what was said and, if not, what their recollection is.  Ms. Frick shall then file those affidavits with the Court; if any of them discloses a discrepancy from the transcript, that affidavit may be filed under seal.  This procedure will provide Judge Rice with a full record on which to decide the privilege question.  If Judge Rice overrules the Magistrate Judge's privilege rulings, the question of cross-examining these witnesses will be reconsidered.

Walker objected (Doc. No. 94) to the Magistrate Judge's Scheduling Order (Doc. No. 87).  He incorporated by reference the Objections he previously made at Doc. No. 78 and added the objection that the Court's Order was insufficient to compel Mr. Lantz to attend.  It is respectfully recommended that the District Judge overruled that objection because (1) having identified Mr. Lantz as a witness, Walker had not as of June 18, 2015, issued a subpoena for Lantz's attendance;  (2) Walker lacks standing to raise an objection on behalf of Lantz; and (3)

2

Ms. Frick, who is associated with Mr. Lantz in the practice of law, advised on his behalf that he had no objection to appearing pursuant to the Scheduling Order.

Defendants raised several discovery issues in their Brief Summary of Issues for Discussion.  After discussion, Ms. Frick agreed with Mr. Carter that she had not yet exhausted efforts to resolve extrajudicially any issues with Plaintiff and efforts will now be made before any motion to compel Plaintiff to provide discovery is filed.  On the other hand, extrajudicial efforts have been attempted with Mr. Walker but have not succeeded.  Defendants were advised to file their motion to compel promptly because the Preliminary Pretrial Conference Order provides a discovery cut-off date of September 29, 2015 (Doc. No. 38, PageID 317, ¶ 11).

In preparation for the status conference, Mr. Walker advised the Court by email of his intention to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  He has now done so (Doc. No. 96).  The Motion is STRICKEN because it was filed four months after the deadline for filing such motions set in the Preliminary Pretrial Conference Order (Doc. No. 28, PageID 316, ¶ 5).

June 19, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge