# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EDWARD VERHOVEC,

                Plaintiff,      :      Case No. 3:14-cv-363

                                      District Judge Walter Herbert Rice
- vs -                              Magistrate Judge Michael R. Merz

CITY OF TROTWOOD, OHIO, et al.,

                Defendants.    :

## SUMMARY OPINION ON DEFENDANTS' CLAIM OF ATTORNEY-CLIENT PRIVILEGE

A central issue in this case is whether the attorney-client communication privilege protects from disclosure a conversation among attorney Stephen McHugh, attorney Amelia Blankenship, and attorney Kevin Lantz which occurred in the conference room of Montgomery County Common Pleas Magistrate David Fuchsman on March 23, 2012.

**Procedural Posture of the Issue**

The issue was first brought to this Court's attention while the case was still pending in the Eastern Division.  On August 28, 2014, Defendants Trotwood and Lucking filed their Motion for Prejudgment Order of Possession directed to any recordings made of that conversation (Doc. No.

1

14).  The Motion was served on all adverse parties on the date of filing. *Id.* at PageID 182.  The Motion continued to pend after the case was transferred to the Western Division at Dayton and was still pending without opposition on January 16, 2015, when the case was referred to the undersigned in the Preliminary Pretrial Conference Order (Doc. No. 38).  Since the Motion was unopposed, it was promptly granted and Verhovec was ordered to

> surrender to Defendant's Trial Attorney, Dawn M. Frick, not later than February 2, 2015, each and every recording of the communications which occurred on March 23, 2012, among Defendant's counsel and which recording is in the possession, care, custody, or control of Plaintiff or his agents, including his counsel.

(Decision and Order, Doc. No. 40, PageID 325.)  Plaintiff's then-counsel R. Paul Cushion gave Notice of Compliance on February 3, 2015 (Doc. No. 41).  Finally stirred to action, Cushion and Counter-Defendant William Walker objected and moved for an *in camera* inspection (Doc. Nos. 42, 43, 44).  Judge Rice then recommitted the matter.  To determine the substantive objections to the order, the Magistrate Judge ordered the recording produced for *in camera* inspection (Doc. No. 52).  Without objecting therein to an *in camera* inspection, Defendants' counsel delivered the recording under seal (Doc. Nos. 54, 55).

The Magistrate Judge filed an analysis of the claim of attorney-client communication privilege and Verhovec and Walker's claims that the privilege was vitiated by the crime-fraud exception (Doc. No. 66).  Verhovec and Walker again objected (Doc. Nos. 68 & 69), Defendants responded to those objections (Doc. No. 72) and Judge Rice again recommitted the matter (Doc. No. 71).  These objections elicited a brief Third Supplemental Opinion (Doc. No. 76).  After a further set of Objections by Walker (Doc. No. 78) and Objections by Defendants to the conduct of an evidentiary hearing at Walker's request (Doc. No. 88), Judge Rice again recommitted the

2

matter (Doc. No. 89).  By this time Verhovec had acquired substitute counsel, Mr. Julius Carter, who filed on his behalf a Motion to Unseal the recording (Doc. No. 91) and several motions to continue the hearing.  After a status conference on June 19, 2015, the Magistrate Judge determined it was impracticable to hold an evidentiary hearing while preserving Defendants' privilege claim.[1]  Instead, the three participants in the Trotwood Caucus were asked to file affidavits as to whether their memory of the event coincided with the certified transcript prepared by a court reporter (Doc. No. 97).  They have complied and indicate the transcript reflects their memory of what happened (Doc. No. 101).

## Analysis

Only one issue has emerged that was not dealt with in the prior opinions.  Defendants assert the Magistrate Judge erred in conducting the *in camera* inspection at all without a prima facie showing, based on evidence apart from the recording, that the Trotwood Caucus could have facilitated a crime or fraud (Objections, Doc. No. 88, PageID 679, 682-83, citing *United States v. Zolin,* 491 U.S. 554 (1989)).

Defendants' reading of *Zolin* is correct.  The Magistrate Judge concludes he was in error in not insisting on some extrinsic proof that the Trotwood Caucus facilitated some crime or fraud before conducting the *in camera* inspection.  *Zolin* requires such proof and none was provided.

However, it seems very likely that the *in camera* review was merely premature rather than forbidden altogether.   The recorded conversation is the sole evidentiary basis for

---

[1] The Magistrate Judge believes this decision obviates Defendants' objections to holding an evidentiary hearing made in Objections, Doc. No. 88.

Verhovec's Second and Third Claims for Relief.  Having delivered his only copy[2] of the recording to Defendants, Verhovec would need to request the recording again in discovery.  When Defendants then raised the privilege claim in response, the Court would undoubtedly have had to conduct an *in camera* review to determine initially whether the conversation was privileged.  The *Zolin* Court expressly upheld the propriety of *in camera* inspections under those circumstances.  491 U.S. at 570.  Asked at oral argument what harm Defendants had suffered as a result of the perhaps premature *in camera* inspection, Defendants' counsel had no persuasive response and the Magistrate Judge concludes the error was harmless.

Plaintiff's Motion to Unseal argues that every other party to the case has had the opportunity to review the recording and his counsel has great difficulty proceeding without being granted like access (Doc. No. 91).  The Court empathizes with counsel's predicament, but a necessary implication of finding the conversation privileged is that Walker and Verhovec's access to it was wrongful.  Walker recorded the conversation without notice or consent and thereby invaded the privilege.  That breach was multiplied when he allowed Verhovec and possibly Cushion to listen to it.  But having found the conversation privileged, the Court is obliged to protect it.  Verhovec's Motion to unseal is DENIED.

---

[2] This is what Plaintiff says he has done.  During oral argument, Walker admitted that his usual practice in making recordings of this sort was to record conversations digitally on a removable chip in his cellphone, place the chip in a chip reader on his computer, and then burn the file to a CD.  The Court has the recording on a CD, but Walker confirmed it would not have been produced that way originally.  Having been ordered to turn over all copies to Defendants and having certified to the Court that he has done so, Verhovec would have a difficult time proving the content of the recording without obtaining it again from Defendants or admitting he had not told the Court the truth.

**Conclusion**

Having reconsidered the matter in light of the Objections and oral argument, the Magistrate Judge again concludes that the Trotwood Caucus is a privileged attorney-client communication and that Verhovec and Walker have not proven it is subject to the crime-fraud exception.

June 25, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
