# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EDWARD VERHOVEC,

      Plaintiff,  :  Case No. 3:14-cv-363

              District Judge Walter Herbert Rice
- vs -          Magistrate Judge Michael R. Merz

CITY OF TROTWOOD, OHIO, et al.,

      Defendants.  :

## SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATIONS ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

   This case is before the Court on Defendants' Motion for Judgment on the Pleadings ("Motion," ECF[1] No. 48). On June 25, 2015, after oral argument on June 23, the Magistrate Judge filed a Substituted Report and Recommendations again recommending that the Motion be granted and the Complaint be dismissed with prejudice ("Substituted Report," ECF No. 105). William Walker and Plaintiff have both filed Objections (ECF Nos. 111, 112). Defendants have moved to strike Walker's Objections (ECF No. 114) and have responded to both sets of

---

[1] This Court has been accustomed to cite to federal court records by document number ("Doc. No.") However, the new 20th edition of the Bluebook prescribes use of "ECF No." A Uniform System of Citation, Rule 10.8.3 (20th ed. 2015).

1

Objections (ECF Nos. 114, 115). District Judge Rice has recommitted the Motion for reconsideration in light of the Objections and Responses (ECF No. 113).

**Summary of the Substituted Report**

The Substituted Report recited the three claims for relief pled by Verhovec in the Complaint and recommended granting the Motion as to each of them.

**First Claim for Relief: A Frivolous Counterclaim in the Public Records Action Violates Verhovec's Constitutional Rights**

Verhovec's First Claim for Relief is that the Defendants violated his constitutional rights by filing a frivolous counterclaim in the Public Records Action in Common Pleas. This First Claim was found barred by the two-year statute of limitations for actions under 42 U.S.C. § 1983 since it was filed more than two years after the allegedly frivolous counterclaim was filed (Substituted Report, ECF No. 105, PageID 809-11). The Claim was also found barred by *res judicata* under 28 U.S.C. § 1738 because it could have been brought in the Common Pleas action where the counterclaim was filed. *Id.* at 812-14). Finally, the Claim was found barred by the release signed by Plaintiff when the Common Pleas case was settled, at least as to any claim for money damages for failure to produce documents. *Id.* at PageID 814-15.

**Second Claim for Relief: Violation of Verhovec's Constitutional Rights by Spoliation and Witness Intimidation During the Trotwood Caucus**

Verhovec's Second Claim is that the Defendants violated his constitutional rights by spoliation of evidence and witness intimidation in the Public records action. The Substituted

2

Report recommends dismissing the Second Claim because it does not state a claim upon which relief can be granted under 42 U.S.C. § 1983 – what the Trotwood attorneys said to one another in their private caucus in Magistrate Fuchsman's conference room on March 23, 2012, does not violate Edward Verhovec's constitutional rights as a matter of law. *Id.* at PageID 815-18. The Second Claim is also barred by *res judicata* on the same basis as the First Claim. *Id.* at PageID 818.

**Third Claim for Relief: Conspiracy to Deprive of Constitutional Rights**

The Substituted Report recommends dismissing the Third Claim for Relief because it does not plead a conspiracy. *Id.* at PageID 818-20.

**Qualified Immunity**

Because "[t]here is no clearly established law holding that any of the acts Verhovec alleges the Defendants engaged in violated Verhovec's constitutional rights," the Substituted Report recommended recognizing qualified immunity for the individual Defendants, Lucking, McHugh, and Blankenship. *Id.* at PageID 822.

**Walker's Objections**

Defendants move to strike Walker's Objections because he is not a party to the Complaint and thus has no standing to object to its dismissal (ECF No. 114, PageID 957).

3

Defendants' position is well taken and should be granted. In the interest of completeness, however, the Magistrate Judge will analyze Walker's Objections.

**First Claim for Relief**

**Statute of limitations:** Walker agrees the correct limitations period is two years and the allegedly offending counterclaim was filed July 26, 2011, more than two years before the Complaint was filed in this case on March 21, 2014. But, says Walker, another counterclaim was filed June 3, 2013, and that is within two years of the filing date here (Walker Objections, ECF No. 111, PageID 938).

The Complaint, however, does not attack the Amended Counterclaim. Indeed, it asserts that the harm from the filing of the original Counterclaim continued for 679 days until the First Amended Counterclaim was filed on June 3, 2013 (Complaint, ECF No. 1, ¶ 44). That turns Plaintiff's harm from the filing of the Counterclaim argument upside down. The Complaint nowhere alleges filing the Amended Counterclaim harmed Verhovec. Instead, it alleges the amendment marked the ended of the harm.

*Res judicata:* Verhovec disputes that his civil rights claim could have been brought in his Common Pleas Court Public Records Act action. But instead of quoting any authority forbidding the joining of such claims for relief, he asserts "there is nothing in this Court's record indicating that VERHOVEC could have brought civil rights causes of action within that state statutory scheme." (Walker Objections, ECF No. 111, PageID 939).

4

The Report noted that state courts have concurrent subject matter jurisdiction of claims under 42 U.S.C. § 1983 with the federal courts and Walker admitted as much at oral argument. Ohio R. Civ. P. 18 expressly provides

> **(A) Joinder of claims.** A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.

Walker points to no exceptions to that Rule nor any provision of the Public Records Act which forbids joining a civil rights claim to a public records claim.

Walker again argues there must be a commonality of parties for *res judicata* to apply and notes the Common Pleas case was brought in the name of the State. The authority cited by Defendants in response shows that nominal parties such as the State of Ohio in a mandamus action styled *"State, ex rel. ___"* are ignored for real party in interest purposes (Response, ECF No. 114, PageID 965).

Walker contends it is improper to decide a *res judicata* defense on a motion for judgment on the pleadings (Walker Objections, ECF No. 111, PageID 939). However, the Sixth Circuit has held an affirmative defense such as the statute of limitations may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and therefore on a motion for judgment on the pleadings when it is apparent on the face of the complaint or attachments. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989). In this case, all the necessary documentation was attached to the pleadings.

**Release:** Walker argues the release signed as part of settlement of the Common Pleas action does not bar damages here because the claim there was for statutory forfeiture, not

"damages." This is a distinction without a difference in that the Substituted Report held the Release bars the revival of any monetary claims in the prior case.

**Second Claim for Relief:**

The Second Claim for Relief asserts that what the Trotwood attorneys did during their caucus deprived Verhovec of his constitutional rights. In his Objections to the original Report, Verhovec identified the lost right as the constitutional right to receive information, citing *Stanley v. Georgia*, 394 U.S. 557 (1969). The Substituted Report pointed out that the right to receive information is not absolute, e.g., it does not protect any right to receive child pornography.

In his Objections, Walker switches grounds. Now the protected constitutional right is said to be "meaningful access to the courts." (Walker Objections, ECF No. 111, PageID 941.) To the extent Verhovec's claim is that what happened in the Trotwood Caucus constituted or planned spoliation of evidence or intimidation of witnesses, the content of what happened simply does not constitute those acts. And since Walker knew of those acts as soon as they occurred because he recorded them, he had a remedy for his client Verhovec in the Common Pleas Court.

**Third Claim for Relief:**

Verhovec's Third Claim for Relief purports to be for conspiracy. The Substituted Report concludes Verhovec has failed to plead a conspiracy with the degree of specificity required by federal case law. Instead of rebutting that conclusion by citing case law which the Complaint meets, Walker objects that the Substituted Report makes findings of fact which are inappropriate on a Rule 12 Motion (Walker Objections, ECF No. 111, PageID 941.) In actuality, no findings

of fact are made in the Substituted Report. Rather, it is the sufficiency of the pleading of a conspiracy – the sufficiency of allegation of facts -- which is in issue and which is not done.

**Verhovec's Objections**

Plaintiff Edward Verhovec, through his newly-retained counsel, has also filed Objections (ECF No. 112).

**The Recorded Trotwood Caucus**

Regarding the Trotwood Caucus on March 23, 2012, among Defendants Blankenship and McHugh and Attorney Kevin Lantz which is at the heart of this controversy, Verhovec through counsel now alleges:

> Because of Counsel's [Walker's] hearing disability, he had been tape recording the proceedings. When he left the room, he forgot to turn off his recorder and inadvertently captured the content of a conversation among the Trotwood parties which is central to Mr. Verhovec's current claims.
>
> Mr. Verhovec was never present in the room where the discussion between Defendant McHugh, Defendant Blankenship, and other unknown employees or agents of the City took place. He was likewise unaware of the conversation that took place until after his Common Pleas Court case was dismissed. When he learned of the conversation between Defendant McHugh, Defendant Blankenship, and the unknown employees, representatives and/or agents of the City, he filed the present lawsuit.

(Objections, ECF No. 112, PageID 946.)

Because of the centrality of the recording to this case, several points are worth making about this statement.

First, although present counsel does not identify by name who Verhovec's counsel was in the Common Pleas Case, his sole counsel there was William Walker.

Secondly, Walker did not "tape" record the conference. As he confirmed at oral argument, he was using a digital recorder, not a tape recorder. When Verhovec turned over to Defendants' counsel what he represented was the only copy he had of that recording, it was on a compact disk, plainly not the original recording. The circumstances of the copying of the recording from Walker's device to the CD have not been explained by either Walker or Verhovec.

Third, Verhovec alleges he never became aware of the contents of the Trotwood Caucus until the Common Pleas case was dismissed more than a year after the March 23, 2012, conference. However, Walker was Verhovec's attorney for purposes of the controversy in Common Pleas Court and therefore his agent. Even if Walker did not share this crucial evidence with his client until more than a year later, Verhovec had constructive notice of the Trotwood Caucus as soon as it happened on March 23, 2012. Indeed, the only evidence of what happened in that conference was in Walker's possession on his digital recorder.

**Scope of a Rule 12(c) Proceeding**

Verhovec spends a good deal of his Objections arguing that the Magistrate Judge exceeded the proper scope of a motion for judgment on the pleadings by considering the content of the Trotwood Caucus recording (ECF No. 112, PageID 947-50). But the alleged content of

8

that recording is what the Complaint is based on and Verhovec specifically claims he listened to it before making the allegations in the Complaint (Complaint, ECF No. 1, ¶ 55, PageID 10-11).

In considering the content of the recording, the Substituted Report relies on *Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997). Verhovec attempts to distinguish Weiner because the recording here was not "attached" to the Complaint, although referred to in it at ¶ 55. Defendants respond by citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999), which in turn relies on 11 Moore's Federal Practice § 56.03 (3d ed 1998) for the propriety of considering, on a 12(c) motion, of a document not formally incorporated into the pleadings but "central to plaintiff's claim." *Greenberg* cites *Weiner* as supporting this proposition. 177 F.3d at 514. The recording is certainly central to Verhovec's claim and its content proves his Second Claim for Relief is groundless: Defendants' did not do in the Trotwood Caucus what Verhovec says in the Complaint that they did.

**Failure to State A Claim**

Even if the Defendants has spoliated evidence and planned witness intimidation during the Trotwood Caucus, Verhovec's Second Claim for Relief would fail to state a claim under 42 U.S.C. § 1983 because there is no constitutional right to discovery in a civil case and there is further no constitutional right to have parties in a state civil case comply with procedures chosen by the State for processing those cases.

The Substituted Report concluded Verhovec's Third Claim for Relief for conspiracy was insufficient under Iqbal and Twombly because Verhovec nowhere pleads a conspiracy with the

detail required by federal case law (Substituted Report, ECF No. 105, PageID 818-20).  To demonstrate the insufficiency, the Substituted Report quotes verbatim ¶¶ 60-63 of the Complaint.

Verhovec objects that the Magistrate Judge "failed to address paragraph 59" which reads "VERHOVEC restates and incorporates by reference all of the averments set forth above as if fully rewritten herein and incorporates by reference each exhibit attached hereto."  (ECF No. 1, PageID 11-12).  But the word "conspiracy" only appears before the Third Claim for Relief in the caption of the Complaint; the words "conspire" or "conspired" do not appear at all.  Even if they did, mere use of the conclusory word "conspire" or "conspiracy" would not satisfy the federal standard for pleading, which requires facts, not mere legal conclusions.  Verhovec asserts that within the first fifty-eight paragraphs there are "allegations that the recorded discussion was an agreement among the Defendants to pursue a frivolous counterclaim and to intimidate witnesses."  (ECF No. 122, PageID 949.)  However, he fails to cite any place in those first fifty-eight paragraphs where those allegations are actually made.  For good reason:  they are not there.

**Conclusion**

Upon reconsideration in light of the Objections, the Magistrate Judge again respectfully recommends that the Motion for Judgment on the Pleadings be GRANTED and that the Complaint be dismissed with prejudice.

August 3, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).