IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EDWARD VERHOVEC,

                Plaintiff,    :    Case No. 3:14-cv-363

                                      District Judge Walter Herbert Rice
- vs -                                 Magistrate Judge Michael R. Merz

CITY OF TROTWOOD, OHIO, et al.,

                Defendants.    :

# REPORT AND RECOMMENDATIONS ON WILLIAM WALKER'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING, IF NECESSARY, EXTENSION OF TIME TO PERFECT SERVICE OF PROCESS

This case is before the Court on Counterclaim Defendant William Walker's Motion for Summary Judgment (ECF No. 100). Counterclaim Plaintiffs have filed a Memorandum in Opposition (ECF No. 110) and Walker has filed a Reply in Support (ECF. No. 116).

**Joinder and Impleader Issues**

Walker's Motion asserts lack of personal jurisdiction because of lack of service of process, improper inclusion of Walker in the counterclaim because he was not a party at the time

1

the Counterclaim was filed, and improper impleader (ECF No. 100, PageID 740). In their Memorandum in Opposition, Counterclaim Plaintiffs demonstrate that they were not attempting to implead Walker (ECF No. 110, PageID 928-29). That portion of Walker's Motion therefore requires no further discussion.

Respecting joinder of Walker as a Defendant on the Counterclaim, Counterclaim Plaintiffs demonstrate that their claim against Walker arises out of the same transaction as their claim against Plaintiff Edward Verhovec and Verhovec's first attorney in this case, R. Paul Cushion. Briefly, it is that Walker, while acting as Verhovec's lawyer in a public records case in the Montgomery County Common Pleas Court, breached the attorney-client communication privilege between the City of Trotwood and its city manager, Michael Lucking, and their attorneys by surreptitiously recording a conversation among attorneys Steven McHugh, Amelia Blankenship, and Kevin Lantz on March 23, 2012, in the conference room of Magistrate David Fuchsman and then using the content of that recording to initiate this lawsuit. Claims against Walker arising out of that conduct are plainly within Fed. R. Civ. P. 13(h) under either Fed. R. Civ. P. 19 or 20. Walker does not contest this argument in his Reply.

**Personal Jurisdiction and Service of Process Issues**

More extended discussion is required on Walker's personal jurisdiction and service of process issues.

First of all, Walker conflates discussion of lack of personal jurisdiction with lack of subject matter jurisdiction (Motion, ECF No. 100, PageID 744-45, citing, e.g., *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799)). Because federal

courts are courts of limited subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the party asserting it. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). Lack of subject matter jurisdiction is not waivable and can even be raised *sua sponte* by the United States Supreme Court. Fed. R. Civ. P. 12(h)(3); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). Lack of personal jurisdiction and failure of service of process, on the other hand, are waivable and are deemed waived if not raised in a responsive pleading or a motion to dismiss. Fed. R. Civ. P. 12(h)(1).

Walker notes that he did plead lack of personal jurisdiction and lack of service of process in his Answer to the Counterclaim (ECF No. 100, citing ECF No. 31, PageID 267). The docket shows that process was issued by the Clerk directed to Walker at 124 North Avenue, NE, in Massillon, Ohio 44646 on August 29, 2014 (ECF No. 15, PageID 201). The Summons was returned unexecuted on October 30, 2014, showing service was attempted by certified mail at that address and returned unclaimed (ECF No. 26, PageID 230). The record does not indicate that Walker participated in the Rule 16 conference before Judge Rice. On February 24, 2015, however, he filed a Notice of Mr. Cushion illness (ECF No. 53) and then on March 2, 2015, a Motion to stay proceedings based on Cushion's illness (ECF No. 56). Since that time he has actively participated in the litigation, often filing papers as if he were Verhovec's counsel in this case as he had been in the Public Records case (See, e.g., ECF Nos. 61, 64, 69, 78, 80, 94, 98, 100, 111, 116).

Counterclaim Plaintiffs admit that their first attempt at service was unsuccessful. By Affidavit, their counsel shows they made a second successful attempt at service by United Parcel Service on October 31, 2014 (Frick Affidavit, ECF No. 119-1, PageID 931-36). After Walker filed his Motion for Summary Judgment claiming lack of service and lack of personal

3

jurisdiction, Counterclaim Plaintiffs claim they served him personally when he appeared for the oral argument on June 23, 2015 (ECF No. 106, PageID 824-27).

In his Reply, Walker denies there is any triable issue of fact about service because "effective service of process is an issue of law and not of fact. Therefore, the Court can properly consider this issue of service now before it." (ECF No. 116.) Walker does not deny that original service was attempted by certified mail at his address of record in the case and in the Ohio Supreme Court's database of registration for attorneys. He says nothing about why a properly addressed certified mail envelope was returned unclaimed. Walker also says nothing about the service by United Parcel Service on October 31, 2014. As to the personal service here at the Federal Courthouse, he says only that "service at a court ordered appearance is problematic" and points out that it was 303 days after the Counterclaim was filed (Reply, ECF No. 116, PageID 992).

Serving a summons establishes a federal court's jurisdiction over the person served when that person is subject to the jurisdiction of a court of general jurisdiction in the State where the district court is located. Fed. R. Civ. P. 4(k)(1)(A). There is no dispute that Walker resides and practices law in the State of Ohio and thus is amenable to process issued by the Common Pleas Court and therefore this Court. Walker does not deny that he was personally served at the oral argument, but only argues the service was late under Fed. R. Civ. P. 4(m).

Rule 4(m) provides that when a defendant is not served within 120 days of the filing of a complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

In insisting that dismissal is mandatory, Walker relies on Fed. R. Civ. P. 4(j)(Reply, ECF No. 116), citing Rule 4(j) and *Braxton v. United States*, 817 F.2d 238 (3rd Cir. 1987). The

version of Rule 4(j) at issue in *Braxton* ceased to be the law on December 1, 1993, when the provision at issue was moved from Rule 4(j) to Rule 4(m). The Advisory Committee Notes for the 1993 Amendments read in pertinent part:

> The new subdivision [m] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Under the authority granted by Fed. R. Civ. P. 4(m), the Court hereby extends the time for service on Walker to the date personal service was made on him at the oral argument. Since Walker has made no case for the inadequacy of that service, his Motion for Summary Judgment should be DENIED.

August 4, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).