IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD VERHOVEC,

       Plaintiff,

    v.

CITY OF TROTWOOD, et al.,

       Defendants.

:

:

:

:

Case No. 3:14-cv-363

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING THE REPORT AND
RECOMMENDATIONS (DOC. #75), THE SUBSTITUTED REPORT AND
RECOMMENDATIONS (DOC. #105), AND THE SUPPLEMENT TO THE
SUBSTITUTED REPORT AND RECOMMENDATIONS (DOC. #117) OF
THE UNITED STATES MAGISTRATE JUDGE; OVERRULING THE
OBJECTIONS OF PLAINTIFF EDWARD VERHOVEC (DOC. #79, DOC.
#112, & DOC. #121) AND COUNTERCLAIM DEFENDANT WILLIAM
WALKER (DOC. #80, DOC. #111, & DOC. #122) TO SAID JUDICIAL
FILINGS; SUSTAINING DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS (DOC. #48); AND DISMISSING, WITH PREJUDICE,
ALL CLAIMS STATED IN PLAINTIFF'S COMPLAINT (DOC. #1).

---

Pending before the Court is the Motion for Judgment on the Pleadings (Doc.

#48) filed by Defendants the City of Trotwood, Ohio, City Manager Michael

Lucking, Law Director Steven M. McHugh, and Assistant/Acting Law Director

Amelia N. Blankenship ("Defendants"). The United States Magistrate Judge

("Magistrate Judge") has filed a Report and Recommendations (Doc. #75), a

Substituted Report and Recommendations (Doc. #105), and a Supplement to the

Substituted Report and Recommendations (Doc. #117), all of which recommend sustaining Defendants' Motion for Judgment on the Pleadings. Also pending before the Court are the Objections of Plaintiff Edward Verhovec ("Plaintiff") (Doc. #79, Doc. #112, & Doc. #121) and Counterclaim Defendant William Walker ("Walker") (Doc. #80, Doc. #111, & Doc. #122) to said judicial filings. Defendants have filed Responses (Doc. #83, #84, #114, #115, #124 & #125) to the Objections of Plaintiff and Walker.

In accordance with Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of the relevant law, the record in this case, the Reports and Recommendations of the Magistrate Judge and the Objections thereto. The Court accepts and adopts his recommendations, including the dispositive reasons for dismissing Plaintiff's claims, with the slight variation in reasoning explained below. Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. #48) is SUSTAINED in its entirety, and Plaintiffs' claims are DISMISSED with prejudice.

I.    **RELEVANT BACKGROUND**

The Magistrate Judge provided the following summary of Plaintiff's claims:

Plaintiff Verhovec brought this action under 42 U.S.C. § 1983 to complain that Defendants had conspired to deprive him of meaningful access to the Ohio courts and to retaliate against him for exercising his First Amendment rights (Complaint, Doc. No. 1, caption and ¶ 16, PageID 1 & 4). Defendants Lucking, McHugh, and Blankenship are sued in both their official and individual capacities. *Id.* at PageID 3, ¶¶ 5, 7, 9.) The City of Trotwood is asserted to be liable because

2

Verhovec avers that Lucking and McHugh are final policy-making officials of the City and to have committed the acts harming Verhovec pursuant to a policy they adopted. *Id.* at PageID 4, ¶¶ 13, 14.

The Complaint alleges that on June 15, 2011, Verhovec made a public records request of the City of Trotwood through Lucking by way of a letter, a copy of which is attached to the Complaint as Exhibit A (PageID 15). The request was pursuant to the Ohio Public Records law, Ohio Revised Code § 149.43 and sought records "pertaining to the City's traffic photoenforcement program." *Id*. at PageID 5, ¶ 19. Unsatisfied with the City's response, Verhovec two weeks later on June 29, 2011, filed an action in the Montgomery County Common Pleas Court combining a mandamus claim under Ohio Revised Code § 149.43(C)(1) and a "statutory forfeiture action for the unlawful disposal of public records" under Ohio Revised Code § 149.351. Id. at PageID 5 ¶ 22, and attached Exhibit E, PageID 31-36 (the "Public Records Action"). The initial document contains the purported signature of Third-Party Defendant Walker which has apparently been struck through by Verhovec who then signed the verified complaint pro se. Id. at PageID 36.

In response to the Public Records Action complaint, on July 26, 2011, Trotwood and Lucking filed an Answer and Counterclaim, a copy of which is attached to the Complaint as Exhibit F (PageID 40-49). Verhovec reads the Counterclaim as pleading claims against him for vexatious conduct under Ohio Revised Code § 2323.52(A), frivolous conduct under Ohio Revised Code § 2323.51, and [as] a pretext to create liability under Ohio Revised Code § 149.351 (Complaint, Doc. No. 1, PageID 6, ¶¶ 24-27). A First Amended Counterclaim was filed in the Public Records Action on June 3, 2013. *Id.* at ¶¶ 34-35.

Verhovec's First Claim for Relief asserts:

> In retribution for VERHOVEC's petition for judicial relief, Defendants infringed upon VERHOVEC's fundamental free speech rights by filing a counterclaim against VERHOVEC that was unsupported by fact or law and which attempted to apply a statute in ex post facto fashion against VERHOVEC.

*Id*. at PageID 8, ¶ 42. The method by which the original Counterclaim is said to have harmed Verhovec is that Defendants kept it pending for 679 days until the First Amended Counterclaim was filed, thereby

making the Public Records Action more expensive. *Id.* at PageID 8-9, ¶ 44-45. These actions by Defendants are alleged to have violated Verhovec's rights to free speech, petition, and access. *Id.* at PageID 9-10, ¶ 50.

Verhovec's Second Claim for Relief asserts claims of spoliation of evidence and witness intimidation, the evidence for which is a conversation among Defendants McHugh and Blankenship and "unknown employees, representatives, and/or agents" of the City during a March 23, 2012, meeting of those persons in a conference room at the Montgomery County Common Pleas Court during a conference set by the Common Pleas Magistrate presiding over the Public Records Action, David Fuchsman (Complaint, Doc. No. 1, PageID 10, ¶¶ 52-54).

Plaintiff avers:

> VERHOVEC learned of Defendant[s'] acts of spoliation and intimidation when he reviewed a recording of the oral argument conference after VERHOVEC'S state cause of action was dismissed. VERHOVEC could have resisted a dismissal of his state cause of action if he had known of the spoliation and intimidation by Defendants[].

*Id.* at PageID 10-11, ¶¶ 55-56.

Verhovec's Third Claim for Relief is captioned "Conspiracy" but contains no conspiracy allegations.  Verhovec seeks $2 million in compensatory damages, $7 million in punitive damages, and attorney fees which "to date" were alleged to amount to $200,000.  *Id.* at PageID 12-13.

Doc. #75 at 2-4.


Defendants filed an Answer and stated a number of Counterclaims against

Plaintiff, Walker, and Cushion, alleging that they had illegally recorded the

privileged conversation between Defendants McHugh, Blankenship and Lantz.

4

Doc. #12.  Defendants summarized their allegations and Counterclaims as follows,

alleging that the Counterclaim Defendants:

> intercepted the confidential oral communications for the purpose of committing criminal and/or tortious acts in violation of federal law and the laws of the State of Ohio including, but not limited []: a) to invade the sanctity of the attorney-client privilege, to chill open and frank discussions between attorneys and their clients and to discourage requests for, and the provision of, legal advice; b) to violate Ohio Wiretap Law; c) conversion; d) to wrongfully deprive the Counterclaim Plaintiffs of their property; e) defamation; f) invasion of privacy; g) violation of the "mediation communication" privilege; h) abuse of process; and i) to advance a civil conspiracy.

*Id.* at 19.

Defendants filed a Motion for Judgment on the Pleadings on February 29,

2015.  Doc. #48.  Their arguments for dismissing Plaintiff's claims will be

discussed below.

Plaintiff, however, did not file a Response to Defendants' motion.  The

Magistrate Judge noted Plaintiff's failure to respond but rejected his argument that

either the medical incapacitation of his prior attorney, Paul Cushion, or his alleged

failure to receive an Order to inform the Court of the status of the representation

amounted to excusable neglect for his failure to respond.  According to the

Magistrate Judge, the medical incapacitation was uncorroborated and various

filings of Plaintiff demonstrated that he had actual notice of the Order.  Doc. #105

at 7.

The Court notes that, although Plaintiff failed to respond to Defendants'

Motion for Judgment on the Pleadings, he has filed Objections to each of the three

5

Reports and Recommendations that recommend sustaining Defendants' motion. The Court does not approve of Plaintiff's failure to respond to Defendants' motion, or his failure to move the Court for leave to file an out-of-time Response. Nevertheless, Plaintiff's timely-filed Objections demonstrate that Defendants' motion does not stand wholly unopposed. Furthermore, Defendants have had the opportunity to brief their arguments countering Plaintiff's Objections. Accordingly, in the rulings below, the Court will consider Plaintiff's Objections as an articulation of his opposition to Defendants' Motion for Judgment on the Pleadings, in spite of his failure to file a procedurally proper Response.

## II.    THE OBJECTIONS OF COUNTERCLAIM DEFENDANT WILLIAM WALKER (DOC. #80, DOC. #111, & DOC. #122)

As the Magistrate Judge notes, Walker has no standing to file Objections in the present matter because Defendants' motion only seeks dismissal of Plaintiff Verhovec's claims against them. *E.g.*, *Elderlite Exp., Inc. v. Capitol City Trailers, Inc.*, No. 2:06-cv-737, 2009 WL 891762, at *8 (S.D. Ohio Mar. 31, 2009) (holding that third-party defendant had no standing to object to recommendation to grant plaintiff's motion for default judgment because the "relief recommended by the Magistrate Judge does not accrue to the benefit of [the third-party defendant] nor would the recommended relief be enforceable against him"). Here, Defendants' Motion for Judgment on the Pleadings addresses no claim of Walker pending against them or a Counterclaim pending against Walker. Walker is not

6

Plaintiff's attorney in this case and may not advocate for the merits of Plaintiff's claims or defend them on Plaintiff's behalf.  The Magistrate Judge was admirably thorough in addressing all arguments presented by Walker in defense of Plaintiff's claims.  However, for the reasons stated, Walker's Objections have been disregarded by the Court, and are accordingly overruled.

III.  **FIRST CLAIM FOR RELIEF – VIOLATION OF PLAINTIFF'S RIGHTS TO FREE SPEECH, PETITION, AND ACCESS TO THE COURTS**

Plaintiff's First Claim for Relief alleges that Defendants infringed upon 1) his free speech rights by filing a counterclaim against him in the state court mandamus action that attempted to apply a state statute *ex post facto*; 2) his substantive right to petition the state court and obtain a judicial remedy; and 3) his right to petition the court for a remedy by letting the counterclaim pend for 679 days, from the time of its filing until amending it on June 13, 2013, thereby "making litigation more expensive."  Doc. #1 at 8-9.  According to Plaintiff, Defendants violated his rights under "the First and Fourteenth Amendments to the United States Constitution, including the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause and the Privileges and Immunities Clause of Article IV."

Defendants argue that this claim is barred by the two-year statute of limitations applicable to Section 1983 claims, and by res judicata.  Doc. #48.  They also argue that the prohibition on *ex post facto* laws only applies to penal laws, a claim of right of access to the courts is not viable if it the parties are

already in court when the alleged injury arises, the Privileges and Immunities

Clause does not apply to in-state citizens, the *Rooker-Feldman* doctrine bars

Plaintiff's claim, and the release he signed to terminate the state court mandamus

action is a bar to this claim.

The Magistrate Judge recommends dismissing this claim on the grounds that

it is barred by the statute of limitations:

> Verhovec knew or had reason to know of the filing of the original
> Counterclaim in the Public Record Action shortly after it was filed on
> July 26, 2011, because it was mailed to him on that date (see
> Certificate of Service, PageID 49). This action was not filed until
> March 21, 2014 (Doc. No. 1). Therefore the First Claim for Relief
> should be dismissed with prejudice as barred by the statute of
> limitations.

Doc. #75 at 5-7.

Plaintiff objects, arguing that the statute of limitations did not begin to run

until he learned of the recording:

> He disputes the finding that the statute was triggered on July 26,
> 2011, at the time of the original Common Pleas Court counterclaim.
> That counterclaim did not put Verhovec on notice about the details
> discussed later on the recording. The date of the recording that
> primarily forms the basis of this complaint was March 23, 2012. The
> statute of limitations actually began to run when Verhovec first
> became aware of the recording.

Doc. #79 at 7.

After considering this Objection, the Magistrate Judge noted that the only

unconstitutional act that Plaintiff pled in the Complaint was Defendants' act of

filing the counterclaim in the state court mandamus action.

Doc. #105 at 10-15.

8

Plaintiff's later-filed Objections addressing the Defendants' statute of limitations defense make no new argument, but merely repeat the argument previously stated. Doc. #112 at 8-9.

After reviewing the Complaint and Plaintiff's Objections, the Court rejects the suggestion that his First Claim for Relief, as pled, alleged anything other than the filing of the counterclaim in the state court action as the source of his injury. Multiple paragraphs of allegations in the First Claim for Relief reference only Defendants' act of filing of counterclaim in state court and the length of time it was pending against him. Compl. ¶¶ 42, 43, 44, 45 & 47 (Doc. #1). For example, Plaintiff alleges that Defendants "infringed upon [his] fundamental free speech rights by filing a counterclaim against [him]," and the counterclaim "interfered with [his] substantive right to petition the court" by causing him "added expense and litigation costs." There is no mention of the recording anywhere in the allegations of his injury. Based on these allegations, the Court finds Plaintiff's argument that he was not aware of the basis for the injury he suffered until the date he first heard the recording to be implausible.[1] His Objection is, therefore, overruled.

With regard to Defendants' defense of res judicata, the Magistrate Judge concluded that "Verhovec could have amended his complaint in the Public Record

---

[1] In none of Plaintiff's filings to date has he disclosed the actual date that he first heard the recording.

Action to assert his First Claim for Relief.  Because he did not and that case has been dismissed with prejudice, his First Claim for Relief here should be dismissed with prejudice as barred by *res judicata*."  Doc. #75 at 7.

In two Objections, Plaintiff argues that *res judicata* does not bar the claim because, as applied in Ohio, the doctrine does not bar a subsequent cause of action between different parties that states different claims.  Doc. #79 at 7-9; Doc. #121 at 3.  However, as the Magistrate Judge noted, the Ohio Supreme Court overruled *Norwood v. McDonald*, 52 N.E.2d 67 (1943), the case that formed the basis for the opinion cited by Plaintiff to support his argument, *Duncan v. Peck,* 752 F.2d 1135, 1139 (6th Cir. 1985).  Doc. #105 at 14.  Plaintiff has not demonstrated why *res judicata* does not apply to his claim, and his Objection is overruled.  Accordingly, his First Claim for Relief is dismissed with prejudice.[2]

---

[2] Apart from the statute of limitations and *res judicata* defenses, the Court notes that Defendants' other arguments for dismissal of this claim, such as his failure to sufficiently allege a constitutional violation and the *Rooker-Feldman* doctrine, pose alternative bases for dismissal.  His Objections, which only address the arguments of the Magistrate Judge, do not reach these issues.  These arguments would be well taken.  In particular, Plaintiff's allegation that Defendant's counterclaim under the Ohio Public Records Act in state court violated the *ex post facto* clause of the U.S. Constitution appears legally insufficient, given the expressly remedial and non-punitive nature of the state statute.  *See Smith v. Doe*, 538 U.S. 84, 92 (2003) (observing that the *ex post facto* clause will only apply to civil law that has an actually punitive "purpose or effect").

## IV.  SECOND CLAIM FOR RELIEF – SPOLIATION OF EVIDENCE AND WITNESS INTIMIDATION AS CONSTITUTIONAL VIOLATIONS

Plaintiff's Second Claim for Relief alleges that Defendants engaged in spoliation and witness intimidation that denied him meaningful access to the courts, and the protections of due process and equal protection of the laws  Doc. #1 at 10.  The claim alleges that in the recorded conversation, Defendants "discussed the manner in which they spoliated evidence and intimidated witnesses," and filed their counterclaim against him while knowing he had a meritorious public records request.  *Id.* at 10-11.

Defendants argue that *res judicata* bars this claim because he could have asserted a state law claim for spoliation of evidence during pendency of his case in state court.  Doc. #48 at 13-14.  They also argue that his claim fails to sufficiently allege a violation under 42 U.S.C. § 1983, or under state law, because his factual allegations are too vague to be plausible.  *Id.* at 14.

The Magistrate Judge does not agree with Defendants' reading of the Second Claim for Relief insofar as they believe that it involves a claim for spoliation of evidence under Ohio law.  Doc. #75 at 8-10.  He notes that the claim only invokes federal law, and therefore purports to state a claim under 42 U.S.C. § 1983.  *Id.*  Nevertheless, for two reasons, the Magistrate Judge agrees with Defendant that Plaintiff's Second Claim for Relief fails to state a plausible claim.

First, based on his *in camera* review of the recording, the Magistrate Judge concludes that Plaintiff's "claims of spoliation and witness intimidation are

11

implausible because his sole evidence for the claims is the conversation among [Defendants and their counsel] and that conversation does not constitute spoliation, report past spoliation, or plan future spoliation, not does it report past or plan future witness intimidation." *Id.* at 14.

Two of Plaintiff's Objections assert that the Magistrate Judge should not have conducted an *in camera* review of the recording and used that review as an evidentiary basis for ruling on Defendants' Motion for Judgment on the Pleadings, which threatens to convert the motion into one for summary judgment. Doc. #112 at 6-8; Doc. #121 at 6-7. The Court agrees with Plaintiff that the Magistrate Judge should not have conducted the *in camera* review of the recording, and, therefore, that Defendants' motion should not be decided based on its contents. This issue was addressed in a previous ruling of the Court. *See* Doc. #133.

However, the Court cannot sustain Plaintiff's Objections because the Magistrate Judge provides another reason why the Second Claim for Relief fails that does not depend on the recording or its contents.

According to the Magistrate Judge, the claim also fails because it does not plausibly allege the violation of a constitutional right:

> At most, Verhovec pleads that Defendants destroyed evidence in a civil case which were also records he was entitled to inspect under the Ohio Public Records Act. This Court is not aware of any case authority holding that a person has a constitutional right to discovery in a civil case or a constitutional right to production of records under the Ohio Public Records Act. The same reasoning applies to the alleged witness intimidation. The Complaint does not state a claim for relief under 42 U.S.C. § 1983.

Doc. #75 at 14.

In another Objection, Plaintiff counters that, under the First Amendment, he has a "right to receive information," and stresses the importance of the policy supporting the Ohio Public Records Act. Doc. #79.

In response to this Objection, the Magistrate Judge further notes that

a First Amendment right to possess information is hardly absolute and Verhovec cites no authority constitutionalizing discovery in a civil case or obtaining documents under the Ohio Public Records Act. Assuming arguendo that Verhovec had a right to obtain records from Trotwood either in discovery under the Ohio Rules of Civil Procedure or under Ohio Revised Code § 149.43, violation by the Defendants of either of those rights would not violate the United States Constitution.

Doc. #105 at 18; Doc. #117 at 2-3.

Plaintiff's subsequent Objection concedes that although "there may not be a constitutional right to discovery in a civil case," the right "to meaningfully access the courts" exists, which Defendants infringed upon by "manipulating the discovery process in a way that violated Ohio law." Doc. #112 at 5.

A claim under 42 U.S.C. § 1983 requires the allegation of a violation of a cognizable constitutional right. *E.g., Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (stating that the first element of a § 1983 claim requires the plaintiff to show "that he was deprived of *a right secured by the Constitution or laws of the United States*") (emphasis added). Plaintiff's allegation that he was denied "meaningful access" to the state court by Defendants' allegedly intentional non-compliance with Ohio's Public Records Act fails to meet this standard. He cites no case law to support the constitutional rights that he asserts exists, and

13

the Complaint only invokes such rights in generalized, sweeping terms.  In short, the violation of a state statute is not synonymous with a constitutional violation. *E.g.*, *Alkire v. Irving*, 330 F.3d 802, 819 (6th Cir. 2003) (observing that a "violation of a state statute does not automatically create a cause of action under § 1983 for the deprivation of a constitutionally protected right").  Furthermore, as the Magistrate Judge notes, Plaintiff has failed to propose an amendment to his Complaint that would adequately allege a constitutional violation.  Accordingly, his Objections are overruled, and his Second Claim for Relief will be dismissed with prejudice.

## V.    THIRD CLAIM FOR RELIEF – CONSPIRACY

Plaintiff's Third Claim for Relief is captioned "Conspiracy."  Doc. #1 at 11. With no additional factual allegations, the claim alleges that Defendants' acts were done in their official capacity as officials of the City of Trotwood, under color of state law, and were either directed or ratified by policy makers of the City of Trotwood. *Id.* at 11-12.

In their Motion for Judgment on the Pleadings, Defendants argue that the conspiracy claim lacks the specificity in pleading required of such a claim under federal law or state law, and the "intracorporate conspiracy" doctrine defeats the claim because all Defendants are members of the same government agency.  Doc. #48 at 17-18.

14

After examining the Complaint, the Magistrate Judge's first Report and Recommendations found no allegations in the Complaint resembling a claim of conspiracy under 42 U.S.C. § 1983. Doc. #75 at 15.

Plaintiff's Objection cited several sources of state law to bolster his conspiracy claim, which provide a less demanding standard for pleading conspiracy than federal law. Doc. #79 at 18 (quoting *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863 (1995)).

The Magistrate judge rejected the assertion that the claim was intended to state anything other than a claim under federal law, based on the plain language of the allegations:

> Paragraphs 60 and 61 are color of law averments. Paragraph 62 is the "policy" allegation needed to hold Trotwood liable for the acts of its employees. Paragraph 63 is a repeated assertion of the constitutional rights allegedly violated. There is no allegation of an agreement or of any overt act, both of which are necessary elements of a conspiracy claim. Nor has Verhovec proposed an amendment that would cure those deficiencies.

Doc. #105 at 21.

Plaintiff's subsequently filed Objections (Doc. #112 and Doc. #121) do not address the pleading deficiencies in his conspiracy claim identified by the Magistrate Judge. The Court agrees that Plaintiff's allegations sound only in federal law, and that they are insufficient to adequately state such a claim. Accordingly, the Court adopts the Magistrate Judge's recommendation, and dismisses the Third Claim for Relief.

15

## VI.    QUALIFIED IMMUNITY

Finally, qualified immunity presents an alternate reason to dismiss the claims against individual Defendants Lucking, McHugh, and Blankenship.  Defendants raised immunity in the final section of their Motion for Judgment on the Pleadings. Doc. #48 at 16-18.  According to the analysis of the Magistrate Judge, Plaintiff has identified no clearly established law holding that the acts they engaged in amount to any constitutional violation.  Doc. #105 at 23; Doc. #117 at 3,

Plaintiff did not object to this analysis in his first filing.  In a subsequent Objection, his sole response to the qualified immunity defense is that his "Complaint, if accepted as true, as it must be at this stage of the litigation, states viable claims for violation of [his] constitutional rights to free speech, to petition the government, and for access to courts and public records as explained in detail within the preceding paragraphs of this brief."  Doc. #121 at 9.

As the Magistrate Judge observed, Plaintiff has failed to allege a violation of a clearly established constitutional right.  This is evident from the previous discussion of the insufficiency of his claims.  He has had two opportunities since the Magistrate Judge's initial discussion of qualified immunity to articulate a clearly established principle of constitutional law that Defendants violated and has failed to do so.  Accordingly, as an alternate basis for dismissal, the Court concludes that the individual Defendants are entitled to qualified immunity on his purported constitutional claims.

16

## VII.   <u>CONCLUSION</u>

Based upon its *de novo* review of the relevant law and the record in this case, the Court ADOPTS the recommendations set forth by the Magistrate Judge in the Report and Recommendations (Doc. #75), Substituted Report and Recommendations (Doc. #105), and Supplement to the Substituted Report and Recommendations (Doc. #117).

Plaintiff's Objections (Doc. #79, Doc. #112, & Doc. #121) to said judicial filings are OVERRULED.  Counterclaim Defendant Walker's Objections (Doc. #80, Doc. #111, & Doc. #122) have been disregarded, based on his lack of standing to object, and are accordingly OVERRULED.

Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. #48) is SUSTAINED, and Plaintiff's claims against them, as stated in the Complaint (Doc. #1), are DISMISSED WITH PREJUDICE.

This captioned cause remains viable on the Defendants' counterclaim, with trial thereon set for September 16, 2016.


Date:  September 25, 2015

WALTER H. RICE
UNITED STATES DISTRICT JUDGE