IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD VERHOVEC,

    Plaintiff,

    v.

CITY OF TROTWOOD, OHIO, et al.,

    Defendants.

Case No. 3:14-cv-363

JUDGE WALTER H. RICE

MAGISTRATE JUDGE MICHAEL R. MERZ

---

DECISION AND ENTRY OVERRULING COUNTERCLAIM-DEFENDANT/
COUNTERCLAIM-PLAINTIFF WILLIAM E. WALKER, JR.'S
OBJECTIONS (DOC. #123) TO THE REPORT AND
RECOMMENDATIONS (DOC. #119) OF THE MAGISTRATE JUDGE;
ADOPTING SAID RECOMMENDATIONS IN FULL; OVERRULING
WALKER'S MOTION FOR SUMMARY JUDGMENT (DOC. #100);
COUNTERCLAIM-PLAINTIFFS' CLAIMS AGAINST WALKER SHALL
PROCEED TO TRIAL

---

Plaintiff Edward Verhovec ("Verhovec") has filed a complaint in this Court against the City of Trotwood, Ohio ("Trotwood"), and several Trotwood employees, including Trotwood City Manager Michael J. Lucking ("Lucking"), in their individual and official capacities (collectively "Defendants"), arising out of a long-running public records dispute. Verhovec's complaint alleged that Defendants violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Privileges and Immunities Clause of Article IV of the U.S. Constitution (claim brought under 42 U.S.C. § 1983) (Count I), spoliated evidence

and intimidated Verhovec's witnesses (Count II) and committed a civil conspiracy against him (Count III).  Doc. #1.  On August 28, 2014, Defendants Trotwood and Michael J. Lucking (collectively "Counterclaim-Plaintiffs") filed a timely counterclaim against Verhovec and his former attorneys, William E. Walker, Jr. ("Walker"), R. Paul Cushion II and the R. Paul Cushion, II, Esq., Law Firm (collectively "Counterclaim-Defendants").  Doc. #12.  Counterclaim-Plaintiffs alleged that Counterclaim-Defendants violated Title III of the federal Omnibus Crime Control and Safe Streets Act, and also raised several Ohio statutory and common law claims.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

Pending before the Court, pursuant to Fed. R. Civ. P. 72(b), are Walker's Motion for Summary Judgment, Doc. #100, Magistrate Judge Michael R. Merz's Report and Recommendations on William Walker's Motion for Summary Judgment and Order Granting, if Necessary, Extension of Time to Perfect Service of Process, Doc. #119, and Walker's Objections to the Report and Recommendations.  Doc. #123.  Counterclaim-Plaintiffs filed a Response to the Report and Recommendations, but made no objections, Doc. #126, and Walker filed a Reply.  Doc. #129.

Based upon the reasoning and citations set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of the parties' memoranda and the applicable law, this Court ADOPTS the Report and

Recommendations in their entirety, OVERRULES Walker's Objections thereto and OVERRULES Walker's Motion for Summary Judgment.

### I.  PROCEDURAL HISTORY AND REPORT AND RECOMMENDATIONS

The Magistrate Judge provided the following summary of the relevant procedural history with respect to Counterclaim-Plaintiffs' claims against Walker:

> Walker notes that he did plead lack of personal jurisdiction and lack of service of process in his Answer to the Counterclaim. Doc. #100 (citing Doc. #31, PAGEID #267). The docket shows that process was issued by the Clerk directed to Walker at 124 North Avenue, NE, in Massillon, Ohio 44646 on August 29, 2014. Doc. #15, PAGEID #201). The Summons was returned unexecuted on October 30, 2014, showing service was attempted by certified mail at that address and returned unclaimed. Doc. #26, PAGEID #230. The record does not indicate that Walker participated in the Rule 16 conference before Judge Rice. On February 24, 2015, however, he filed a Notice of Mr. Cushion['s] illness, Doc. #53, and then on March 2, 2015, a Motion to stay proceedings based on Cushion's illness. Doc. #56. Since that time he has actively participated in the litigation, often filing papers as if he were Verhovec's counsel in this case as he had been in the Public Records case. *See, e.g.*, Doc. #61, 64, 69, 78, 80, 94, 98, 100, 111, 116).
>
> Counterclaim Plaintiffs admit that their first attempt at service was unsuccessful. By Affidavit, their counsel shows they made a second successful attempt at service by United Parcel Service on October 31, 2014. Doc. #119-1, PAGEID #931-36. After Walker filed his Motion for Summary Judgment claiming lack of service and lack of personal jurisdiction, Counterclaim Plaintiffs claim they served him personally when he appeared for the oral argument on June 23, 2015. Doc #106, PAGEID #824-27.

Doc. #119, PAGEID #1017-18.

Walker moved for summary judgment on three grounds, only one of which will be considered by the Court, given his lack of specific objections

to the Magistrate Judge's findings on the other two grounds: that because Counterclaim-Plaintiffs had failed to serve him within 120 days of filing their Counterclaim, and had failed to demonstrate good cause for failing to serve him within that time, Fed. R. Civ. P. 4(j) required the Court to dismiss the Counterclaim. Doc. #116, PAGEID #991-92.[1]

In the Report and Recommendations, the Magistrate Judge rejected Walker's argument and noted that, on December 1, 1993, Fed. R. Civ. P. 4(j) was replaced by Fed. R. Civ. P. 4(m), and that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision [*i.e.*, dismissal for failure to serve within 120 days,] even if there is no good cause shown." Doc. #119, PAGEID #1019 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment).[2] The Magistrate Judge extended the deadline for service until June 23, 2015, the date upon which Walker was personally served, and concluded that "[s]ince Walker has

---

[1] In his Objections, Walker attempts to "incorporate by reference the statement of facts and arguments WALKER asserted in his June 23, 2015[,] Motion for Summary Judgment (Doc. #100). WALKER stands by the arguments concerning joinder of causes and parties." Doc. #123, PAGEID #1039-40. However, incorporating by reference previous arguments into Objections to the Magistrate Judge's Report and Recommendations "is impermissible. Rule 72(b)(2) allows a party to file 'specific written objections to the [magistrate judge's] proposed findings and recommendations.' This court is under no obligation to respond to arguments made elsewhere and not specifically formulated to address the report and recommendation at issue." *Jackson v. Rohn & Haas Co.*, No. 05-4988, 2008 WL 123921, at *2 n.1 (E.D. Pa. Jan. 10, 2008) (quoting Fed. R. Civ. P. 72(b)(2)) (brackets in original).

[2] Under the most recent amendments to Rule 4, which took effect on December 1, 2015, a plaintiff has only 90 days to serve a defendant. Fed. R. Civ. P. 4(m). However, the Counterclaim was served and the Report and Recommendations were issued prior to the amended rule becoming effective.

4

made no case for the inadequacy of that service, his Motion for Summary Judgment should be DENIED." *Id*.

II. <u>**WALKER'S OBJECTIONS (DOC. #123, 129)**</u>

Under the Magistrate Judge Act, 28 U.S.C. § 636, this Court's review is limited to findings in the Report and Recommendations for which "timely objections are filed. 'Absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge].'" *Guethlein v. Potter*, No. 1:09-cv-451-HJW, 2011 WL 672046, at * 8 (S.D. Ohio Feb. 17, 2011) (Weber, J.) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Nor may the Court review any finding to which objections were not made. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("[g]enerally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections"). Thus, Walker's only objection that is subject to this Court's review is whether the Magistrate Judge erred in extending Counterclaim-Plaintiffs' deadline to perfect service until June 23, 2015, even absent a finding that Counterclaim-Plaintiffs had shown good cause as to why they failed to serve Walker within the 120-day period. Doc. #123, PAGEID #1042-45.

5

The cases cited by Walker in support of his Objections are inapposite. First, the cases cited in his Objections[3] predate the adoption of Rule 4(m) and the greater discretion invested in district courts to extend the time to perfect service even in the absence of a showing of good cause. As the Supreme Court noted, "in [the] 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (internal quotation marks and citations omitted).

Second, the cases cited in Walker's Reply[4] do not, as Walker argues, stand for the proposition that the Sixth Circuit requires dismissal when a party fails to effect service within 120 days or demonstrate good cause as to why it was unable to do so. Doc. #129, PAGEID #1109-10. Rather, as this Court observed in *Osborne v. First Union Nat'l Bk. of Del.*, 217 F.R.D. 405 (S.D. Ohio 2003) (Rice, C.J.), *Catz v. Chalker,* 142 F.3d 279 (6th Cir. 1998), did not

> [T]urn[] upon a judicial finding that the absence of good cause precluded a plaintiff from effecting service of process after 120 days. In *Catz*, the Sixth Circuit addressed the propriety of the district court dismissing an action, *sua sponte*, for improper venue and failure to state a claim. . . . [T]he Sixth Circuit's statement that a lack of good cause compels dismissal under Rule 4(m) is *dicta*. This Court has found no reported Sixth Circuit decision holding that a district court cannot enlarge the time to effect service under Rule 4(m), absent a showing of good cause.

---

[3] Doc. #123, PAGEID #1044-45 (citing *Vietmeier v. Farley*, 126 F.R.D. 498 (W.D. Pa. 1989); *Scarton v. Charles*, 115 F.R.D. 567 (E.D. Mich. 1987)).

[4] Doc. #129, PAGEID #1109 (citing *Clemons v. Soeltner*, 62 F. App'x 81 (6th Cir. 2003); *Harris v. City of Cleveland*, 7 F. App'x 452 (6th Cir. 2001); *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998)).

6

217 F.R.D. at 407.

Since *Osborne* was published, there have been no Sixth Circuit rulings that imposed any such limit on a trial court's discretion. Indeed, district courts within the Sixth Circuit have repeatedly emphasized that Rule 4(m) does not require a showing of good cause before a court may extend the time to complete service. *See, e.g.*, *Brown v. Mohr*, No. 2:13-cv-6, 2015 WL 762813, at *3-4 (S.D. Ohio Feb. 23, 2015) (Kemp, Mag. J.) (citing *Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 753 (E.D. Ky. 2011)); *Green v. Venatter*, No. 2:13-cv-345, 2014 WL 559154, at *2 (S.D. Ohio Feb. 11, 2014) (Smith, J.); *Fulgenzi v. Wyeth, Inc.*, No. 5:09-cv-1767, 2010 WL 2403377, at *2 (N.D. Ohio Jun. 10, 2010).

Moreover, as the Magistrate Judge correctly noted, Walker has been an active participant in the case since at least February 24, 2015, "often filing papers as if he were Verhovec's counsel in this case as he had been in the Public Records case." Doc. #119, PAGEID #1017. Walker is well aware of the underlying facts of this litigation and the content and nature of Counterclaim-Plaintiffs' allegations against him. Thus, there is no risk of unfair surprise to Walker or any other equitable concern that might caution against extending Counterclaim-Plaintiffs' deadline to serve Walker until June 23, 2015.

In his Objections, Walker raises no argument as to why he is entitled to summary judgment, apart from the alleged failure to serve him. As the Court finds that Counterclaim-Plaintiffs timely and effectively served Walker on June 23, 2015, his motion for summary judgment is overruled.

7

### III. CONCLUSION AND RULINGS

For the foregoing reasons, the Court ADOPTS in full the Report and Recommendations on William Walker's Motion for Summary Judgment and Order Granting, if Necessary, Extension of Time to Perfect Service of Process. The Court OVERRULES Walker's Objections to the Reports and Recommendations and OVERRULES Walker's Motion for Summary Judgment. Counterclaim-Plaintiffs' claims against Walker shall proceed to trial.

Date: February 19, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE